# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

JERMAINE D. DOSS,

    Plaintiff,

    v.

JANSSEN PHARMACEUTICAL, INC., and JOHNSON & JOHNSON CORPORATION,

    Defendants.

CASE NO. C18-1314 RSM

ORDER ON PENDING MOTIONS

This matter is before the Court on Plaintiff's Motion to Appoint Counsel (Dkt. #19) and Motion to Amend and for Service (Dkt. #21). Plaintiff files this action pro se and has been previously granted leave to proceed *in forma pauperis* in this matter. Dkt. #7. Summonses have not been issued.

Plaintiff first filed this action in the United States District Court for the District of New Mexico while incarcerated in New Mexico. Dkts. #1 and #15. Finding that the Plaintiff had been released from custody and was located within this District, the Honorable Judge Martha Vazquez, of the District of New Mexico, transferred this case *sua sponte* pursuant to 28 U.S.C. § 1404. In the action, Plaintiff asserts product liability claims related to Risperdal, which is manufactured and distributed by Janssen Pharmaceutical, Inc., a subsidiary of Johnson &

ORDER – 1

Johnson Corp. *Id.* at 1. Plaintiff alleges that he has developed gynecomastia and suffered mental distress, humiliation, grief, fright, shock, or indignity as a result of taking the drug. *Id.*

Plaintiff's Motion to Appoint Counsel seeks to have the Court consider a motion to appoint counsel (Dkt. #10) that was filed in the District of New Mexico prior to the case being transferred. Dkt. #19. Review of the docket reveals that consideration of that motion was deferred to this Court.[1] Dkt. #15. Plaintiff's Motion to Appoint Counsel is premised primarily on his concerns that his mental state will not permit him to represent himself. Dkts. #10 and #19. Plaintiff's Motion to Amend and for Service seeks to add an additional defendant, Patriot Pharmaceuticals, LLC, a subsidiary of Janssen Pharmaceutical, Inc. Dkt. #21. Plaintiff also appears to request that the Court determine he is "authorized to proceed *in forma pauperis*"[2] and to order service on his behalf. *Id.*

**A. Appointment of Counsel**

In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). In "exceptional circumstances," a district court may appoint counsel for indigent

---

[1] It appears that the Motion was not noted for consideration before this Court upon the case being transferred.

[2] It appears to the Court that Plaintiff was already granted leave to proceed *in forma pauperis* in this action, though he was required to make partial payments to the United States District Court for the District of New Mexico. Dkt. #7.

ORDER – 2

civil litigants. 28 U.S.C. § 1915(e)(1); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

The Court does not find this to be an exceptional case warranting the appointment of counsel. Plaintiff's Complaint is sparse, is somewhat unclear as to the specific claims he is asserting, and does not address issues of causation in any substantial way. While it may be difficult for Plaintiff to articulate his claims, he appears to be capable of doing so as demonstrated by his numerous filings and past actions before this Court. *See Doss v. Hayes et al.*, C16-1618 (W.D. Wash. 2016) and *Doss v. Heyman, et al.*, C16-1695TSZ (W.D. Wash. 2016). Plaintiff's request is therefore denied.

## B. Leave to Amend

Plaintiff does not need the Court's permission to file an amended complaint prior to serving his lawsuit. Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it." Plaintiff may accordingly file an amended complaint.

## C. Service

Federal Rule of Civil Procedure 4(c)(3) provides:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

This Rule requires the Court to order service by the Marshal when requested by a plaintiff proceeding *in forma pauperis*. 28 U.S.C. § 1915(c); *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) ("An IFP plaintiff must request that the marshal serve his complaint before the marshal will be responsible for such service."). However, Plaintiff bears the burden of providing accurate and sufficient information to effect service of the Summons and Complaint. *See Walker*

ORDER – 3

*v. v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Plaintiff has not provided the Court with information indicating where the Marshal is to properly serve Defendant. Further, Plaintiff has indicated that he desires to amend his complaint. Therefore, the Court declines to direct service at this time. Plaintiff may request service again after filing his amended complaint or may file another request indicating that he does not plan to amend his complaint.

Accordingly, and having considered Plaintiff's Motions, reviewing the record, and for the reasons stated above, the Court hereby finds and ORDERS:

1. Plaintiff's Motions to Appoint Counsel (Dkts. #10 and #19) are DENIED.
2. Plaintiff's Motion to Amend and for Service (Dkt. #21) is DENIED AS MOOT as to leave to amend and is DENIED as to an order for service.
3. The Clerk shall send a copy of this Order to Plaintiff at 6018 187th Pl. S.W., Lynnwood, WA 98037.

Dated this 6 day of November 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE