UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERMAINE D. DOSS, | CASE NO. C18-1314 RSM |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| JANSSEN PHARMACEUTICAL, INC., and JOHNSON & JOHNSON CORPORATION, | |
| Defendants. | |

This matter is before the Court on Johnson & Johnson and Janssen Research and Development, LLC's Motion to Dismiss ("Defendants' Motion"). Dkt. #37. Plaintiff's Amended Complaint ("Complaint") alleges that a drug "manufactured, distributed, promoted and sold" by Defendants caused him to suffer serious side effects that were known to Defendants but not disclosed to Plaintiff. *See generally*, Dkt. #30. Defendants make several arguments supporting dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. #37. Specifically, Defendants argue that Plaintiff impermissibly utilizes group pleading to allege all his claims against both Defendants, omits necessary factual allegations supporting his claims, includes legal claims preempted by Washington law, inexplicably relies on inapplicable California law, and does not adequately plead any claims that may otherwise remain. *See generally*, *id.*

ORDER – 1

Shortly after Defendants' Motion was filed, Plaintiff sought an extension of time to file a response because of the "plethora of legal defenses" raised. Dkt. #38 at 2. Plaintiff indicated that he had been performing legal research and understood the requirements for adequately responding to Defendants' Motion. *Id.* Plaintiff specifically requested an "extension of time until the 5th day of July, 2019" to file a response. *Id.* Defendants did not oppose the motion and the Court gave Plaintiff until July 8 to respond. Dkts. #40 and #41. Plaintiff did not respond.

Instead, Plaintiff filed, on July 3, 2019, a motion to appoint counsel. Dkt. #42. This was the second time the Plaintiff sought appointed counsel. Previously, the Court concluded that this is not an exceptional case warranting appointed counsel in a civil case and denied the request. Dkt. #22 at 2–3; *United States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965). Plaintiff's second motion to appoint counsel merely repeats many of the conclusory allegations of the Complaint and argues that Plaintiff needs counsel. Dkt. #42 at 3–7. But the Court does not find Plaintiff's second motion any more compelling than the first.

Most glaringly, Plaintiff makes no attempt to respond to the arguments in Defendants' Motion. Plaintiff knows of, and in fact summarizes, the factual deficiencies that Defendants argue plague his Complaint:

> Plaintiff fails to allege when he was prescribed Risperdal/risperidone; the diagnosis for which he was prescribed Risperdal/risperidone; when he ingested Risperdal/risperidone; the duration of time that he ingested Risperdal/risperidone; when he began exhibiting symptoms of any of the side effects that he alleges were caused by Risperdal/risperidone; or, how the alleged actions of [Defendants] caused his alleged injuries.

*Id.* at 5–6 (summarizing Dkt. #37 at 2–3). Yet Plaintiff does nothing to demonstrate the merits of his claims, assert that he can remedy the factual deficiencies, or demonstrate why appointed counsel would aid him in addressing the factual deficiencies.

ORDER – 2

Most importantly, Plaintiff entirely fails to substantively respond to the arguments advanced in Defendants' Motion. Pursuant to this Court's Local Civil Rules, failure to respond to a motion, other than a motion for summary judgment, "may be considered by the court as an admission that the motion has merit." LCR 7(b)(2). The Court finds it appropriate to do so here and will dismiss the Complaint without leave to amend.[1]

Accordingly, having reviewed Defendants' Motion and the remainder of the record, and for the reasons identified in Defendants' Motion and this Order, the Court finds and ORDERS:

1. Johnson & Johnson and Janssen Research and Development, LLC's Motion to Dismiss (Dkt. #37) is GRANTED.
2. Plaintiff's Motion for the Appointment of Counsel (Dkt. #42) is DENIED as moot.
3. The claims Plaintiff asserts in his Amended Complaint (Dkt. #30) are DISMISSED with prejudice.
4. This matter is CLOSED.
5. The Clerk shall send a copy of this Order to Plaintiff at his last known mailing address.

Dated this 23rd day of August 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Ordinarily a court dismissing a complaint should freely grant leave to amend "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). The Court finds that leave to amend would be futile because this action has been pending for approximately two years, Plaintiff has already filed one Amended Complaint, and Plaintiff has made no attempt to oppose Defendants' Motion on a factual or legal basis.

ORDER – 3