UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERMAINE D. DOSS, <br><br> Plaintiff, <br><br> v. <br><br> JANSSEN PHARMACEUTICAL, INC., and JOHNSON & JOHNSON CORPORATION, <br><br> Defendants. | CASE NO. C18-1314RSM <br><br> ORDER REVOKING IFP STATUS ON APPEAL |

This matter is before the Court on referral from the United States Court of Appeals for the Ninth Circuit. Dkt. #49. Plaintiff was previously granted leave to proceed in forma pauperis ("IFP") in this matter. Dkt. #7. Accordingly, the Court of Appeals referred the matter back to this Court "for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. Dkt. #49 at 1 (citing 28 U.SC. § 1915(a)(3)).

An indigent party who cannot afford the expense of pursuing an appeal may file a motion for leave to proceed IFP. FED. R. APP. P. 24(a); 28 U.S.C. § 1915(a)(1). Where, as here, the party was permitted to proceed IFP in the district court, the party may proceed IFP on appeal without further authorization unless the district court certifies in writing that the appeal is not taken in good faith or that the party is not otherwise entitled to proceed IFP. FED. R. APP. P.

ORDER – 1

24(a)(3); 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). An appeal is taken in "good faith" where it seeks review of at least one issue or claim that is found to be "non-frivolous." *Hooker v. American Airline*, 302 F.3d 1091, 1092 (9th Cir. 2002).

An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Legally frivolous claims are those "based on an indisputably meritless legal theory," such as claims against defendants who are immune from suit or for infringement of a legal interest that clearly does not exist. *Id.* at 327. Factually frivolous claims are those premised on "clearly baseless" factual contentions, such as claims "describing fantastic or delusional scenarios." *Id.* at 327–28.

Here, the Court cannot conclude that the appeal is taken in good faith. The Court granted Plaintiff several extensions of time in this matter, Dkts. #24, #29, and #41, including an extension of time to respond to the Defendants' Motion to Dismiss (Dkt. #41). As that extension was expiring, Plaintiff sought appointed counsel for the second time. Dkts. #19 and #42. Plaintiff did not otherwise respond to the Defendants' Motion to Dismiss. The Court refused to appoint counsel on the basis that nothing about Plaintiff's case was exceptional and that Plaintiff had made no effort to remedy the underlying deficiencies in his Complaint. Dkt. #45. Further, the Court took Plaintiff's failure to respond, in any way, to Defendants' Motion to Dismiss as a concession that the motion had merit. Because Plaintiff has not meaningfully pursued his action and failed to substantively defend against the Defendants' Motion to Dismiss, his appeal is frivolous or taken in bad faith.

Accordingly, the Court hereby FINDS and CERTIFIES that Plaintiff's appeal is frivolous or taken in bad faith and ORDERS that Plaintiff's in forma pauperis status is REVOKED. The Clerk is directed to forward this Order to the United States Court of Appeals for the Ninth Circuit,

ORDER – 2

with reference to *Doss v. Janssen Pharmaceutical, Inc.*, 19-35815 (9th Cir. 2019). The Clerk is further requested to send a copy of this Order to Plaintiff at his last known mailing address.

Dated this 30 day of September 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE